Carroll,
Dec., 1899.

## BANFILL'S PETITION.

An execution sufficiently describes a judgment by giving its amount, the names of the parties, the court in which and the term when it was rendered, without a more extended recital of prior proceedings.

An officer is not bound to search for goods before taking the body on a *capias* execution, and his return is not defective because it fails to state that he did so.

The rights of a debtor committed on a *capias* execution are not affected by a failure of the creditor to give bond for the payment of prison charges.

PETITION, for *habeas corpus*. The petitioner was committed to jail upon a *capias* execution, issued by order of court, in proceedings brought against him by his wife for separate maintenance.

Three reasons were assigned why the petition should be granted: (1) That the execution did not contain a recital of the nature of the judgment upon which it was issued; (2) that the return of the officer did not show that he searched for property before taking the body,— the execution being in the alternative; (3) that no bond was given to pay prison charges. The petition was dismissed, subject to exception.

*Josiah H. Hobbs*, for the petitioner.

*Sewall W. Abbott*, for the defendant.

PEASLEE, J.   The execution described the judgment by giving its amount, the names of the parties, the court in which and the term when it was rendered.   The form is that used since 1718 (Laws, ed. 1725, p. 111; P. S., c. 231, s. 11), and correctly described the judgment.   *Avery* v. *Bowman*, 40 N. H. 453, 455.   It is not apparent that any purpose material to this case would have been served by a more extended recital of the prior proceedings.

The return on the writ is sufficient.   "From the earliest time, it is believed to have been the received opinion that the sheriff has the election to take the goods or the body in the first instance, and is not bound to search for goods at all."   *Wilcox*, J., *Kinsley* v. *Hall*, 9 N. H. 190, 194; *State* v. *Roberts*, 52 N. H. 492, 499.   As the officer was not bound to search for goods, his return is not defective because it does not state that he did so.

The original act providing for giving security for prison charges (Laws 1838, c. 370) was intended "to furnish the jailer a certain provision for the payment of the prison charges, and to exempt the debtor from the liability to be detained for their payment, by requiring the creditor himself to provide for them."   *Buck* v. *Meserve*, 16 N. H. 422, 426.   The statute now provides that the debtor shall not be detained for the non-payment of prison charges in any case where a bond is required.   P. S., c. 235, s. 11.   His rights are not affected by the failure to give a bond, and he has no reason to complain of the omission.   It is not necessary to consider whether the case is one where the jailer could have demanded security.

*Exception overruled.*

BLODGETT, C. J., and PIKE, J., did not sit: the others concurred.